GLENDALE UNION CHRISTIAN SOCIETY *vs.* ALBERT F. BROWN & others.

A religious association, although, by reason of irregularities in complying with the provisions of the Gen. Sts. *c.* 32, it has failed to become a corporation, is nevertheless entitled, by the Gen Sts. *c.* 30, § 24, to hold property given to it by the name which it assumed; and another religious society, subsequently incorporated, is not entitled to take the name or the property.

BILL IN EQUITY, filed in March 1871, to restrain the defendants from usurping the plaintiffs' franchise, using their name and appropriating their funds. Hearing on bill, answer and a general replication, before *Morton,* J., who reported for the determination of the full court the case which is stated in the opinion.

*W. A. Herrick, (J. H. Millett* with him ) for the plaintiffs.
*A. R. Brown,* for the defendants.

CHAPMAN, C. J. The plaintiffs contend that they are a corporation organized for religious purposes under the Gen. Sts. *c.* 32. It appears that seven members of the corporation signed an agreement in conformity with the statute, on November 15, 1870, and recorded it the next day. Their first meeting was held December 12, 1870, and their organization as a corporation was then completed. They have ever since held regular meetings as a corporation.

But five of these persons, in connection with several others, had signed a similar agreement on January 1, 1870. On the 5th of

the same month they called a meeting and organized a corpora-
tion by the same name with the plaintiffs ; so that, if their organ-
ization was legal, they were the first society of that name at that
place.   They continue to act as a society, and the defendants
have been chosen and act as its officers, but no record was made
of their articles of association in the registry of deeds, as the Gen.
Sts. *c.* 32, § 2, require.

The bill alleges that the defendants are usurping the plaintiffs'
franchise, and illegally using their name, and have taken and hold
certain funds and other property belonging to the plaintiffs.   It
prays for an injunction and a restoration of the property.

It appears by the report that the persons who are members of
the two organizations had been worshipping together, but many
persons had believed that the first organization was not regular
and legal, and for this reason the plaintiffs had formed their or-
ganization.   The funds in controversy were given by a vote of
the Glendale Union Sabbath School, passed January 21, 1870,
" that on and after February 1, 1870, this school shall come under
the management of the Glendale Union Christian Society, and all
property now belonging to, or that may hereafter be acquired by
said school, shall be held by said society."   The organization rep-
resented by the defendants voted to accept this proposition.   It
will be seen that this was nearly a year before the plaintiffs'
organization came into existence.   On the 12th of the succeeding
December the plaintiffs voted to adopt as their own this last vote
of the prior organization.   On this ground they make their claim
to a donation that could not have been intended for them and was
not made to them.   It was clearly intended for and made to the
organization represented by the defendants.   This organization
was competent to take the donation, whether it was legally incor-
porated or not.   Gen. Sts. *c.* 30, § 24.   This section provides that
" unincorporated religious societies shall have like power to man-
age, use and employ any donation, gift or grant made to them, ac-
cording to its terms and conditions, as incorporated societies have
by law ; may elect suitable trustees, agents or officers therefor ·
and sue for any right which may vest in them in consequence of
such donation, gift or grant, for which purposes they shall be cor-
porations."

An act similar to this was passed in 1811, entitled " An act respecting public worship and religious freedom." St. 1811, *c.* 6, § 3. It originated in the fact that many persons entertained conscientious objections against corporations for religious purposes, as they then existed. It was substantially reënacted by the St. of 1834, *c.* 183, § 5 ; by the Rev. Sts. *c.* 20, § 25 ; and by the section of the Gen. Sts. cited above. Such societies need not adopt all the regulations that govern incorporated societies, but may take and hold property without it. *Fisher* v. *Whitman*, 13 Pick. 350. *Oakes* v. *Hill*, 10 Pick. 333. *Christian Society in Plymouth* v. *Macomber*, 5 Met. 155. *Lawrence* v. *Fletcher*, 8 Met. 153. If then the society represented by the defendants has proceeded so irregularly as not to have a corporate existence, it is still a legal organization entitled to the name it has taken, and the defendants are entitled to hold its property in trust for it. The plaintiffs have no right to claim either its funds or its name.

*Bill dismissed.*